Stephen J. Joncus
Oregon Bar No. 013072
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| **Sabrina Siegel** | Case No.: 6:24-cv-790 |
| Plaintiffs, | |
| v. | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| **Eugene Water & Electric Board**, **Frank Lawson**, in his personal capacity, | |
| Defendants. | **Demand for Jury Trial** |

## COMPLAINT

NOW COMES, Plaintiff Sabrina Siegel, through undersigned counsel, who states as follows:

## PARTIES

1.      Sabrina Siegel is a single mother who lives at 2445 Kincaid Street, Eugene, Oregon 97405. She is a person with a disability. She has electromagnetic hypersensitivity ("EHS") which causes her cardiac and other symptoms when exposed to electromagnetic radiation ("EMR") from smart meters and other digital devices. Siegel has been a customer of EWEB for 20 years and is current on her bill.

2.      Defendant Eugene Water & Electric Board ("EWEB") provides electricity and waters in the Eugene metropolitan area to about 200,000 people. EWEB is on a campaign to install smart meters for all of its customers.

3.      Frank Lawson ("Lawson") is the General Manager of EWEB. Lawson sued in his personal capacity.

## JURISDICTION

4.      Siegel's claim arises under federal civil rights laws. This Court has jurisdiction over Siegel's claims of federal rights violations under the Americans With Disabilities Amendments Act, 42 U.S. Code § 12101 *et seq*.; the Rehabilitation Act of 1973 as Amended, 29 U.S.C. § 701 *et seq*.; and the Fair Housing Amendments Act, 42 U.S.C. § 3601 *et seq*.; which are enforceable in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The events giving rise to the claim occurred in Eugene, Oregon.

**FACTS**

5.      Siegel has been diagnosed with electromagnetic hypersensitivity ("EHS").[1]

6.      EHS has been demonstrated in a published, peer-reviewed, double blind research study as a bona-fide neurological syndrome.[2]

7.      Siegel's disability causes her a myriad of symptoms. Siegel consistently gets cardiac and other symptoms when exposed to smart meter radiation. When exposed to EMR: Siegel cannot breathe well; she becomes unable to think or function well; she gets headaches; she feels pain in her heart and kidneys; and/or she feels nauseous. When afflicted with these symptoms, she cannot properly care for herself, perform manual tasks, breathe, or work.

8.      Siegel's doctor says that she should not be exposed to any excess radiation in her home.[3] Siegel's doctor's prescription is that Siegel should not receive a smart meter on her home.[4]

9.      Siegel has an existing analog meter that does not harm her with electromagnetic radiation ("EMR").

10.      Smart meters are digital devices that emit radio frequency radiation ("RF-EMF") for the purpose of transmitting information many times a day, perhaps thousands of times a day.

11.      Smart meters also emit powerful EMR in lower frequencies ranges, including dirty electricity, even when the transmitting feature is turned off.

---

[1] Joncus Decl. Ex. 1.
[2] *E.g.* David E. McCarty, et al, *Electromagnetic hypersensitivity: evidence for a novel neurological syndrome*, The International Journal of Neuroscience, 121(12), 670-76, https://pubmed.ncbi.nlm.nih.gov/21793784/ (Sept. 5, 2011).
[3] Joncus Decl. Ex. 1.
[4] Joncus Decl. Ex. 1.

12.     EWEB has sent Siegel several notices of increasing ominousness, threatening to turn off her electricity unless she agrees to have a smart meter installed on her home.

13.     Siegel wrote an email to Lawson on March 12, 2024 explaining how she was disabled by radio frequency, electromagnetic fields, and dirty electricity. EWEB responded by saying that they could not make that accommodation.

14.     On behalf of Siegel, I wrote to EWEB's attorney, Eric DeFreest, on April 5, 2024 explaining Siegel's disability and requesting an accommodation of no smart meter.[5]

15.     DeFreest responded on April 19, 2024 denying the requested accommodation.[6]

16.     On behalf of Siegel, I wrote to DeFreest on May 9, 2024, explaining the deficiencies in his analysis of Siegel's accommodation request.[7]

17.     DeFreest has not yet responded to the May 9, 2024 letter.

18.     However, on Friday, May 10, 2024, EWEB sent an email to the undersigned attorney, disclosing that unless, Ms. Siegel agrees to a smart meter by close of business on May 13, 2024, EWEB will disconnect her power.[8]

19.     Siegel will not and cannot accept a smart meter on her home whether or not the communication feature is turned off.

---

[5] Joncus Decl. Ex. 2.
[6] Joncus Decl. Ex. 3.
[7] Joncus Decl. Ex. 4.
[8] Joncus Decl. Ex. 5.

## CAUSES OF ACTION

## CLAIM 1

### FAILURE TO ACCOMMODATE UNDER THE FAIR HOUSING AMENDMENTS ACT

20.     The FHAA provides Siegel with a private right of action. 42 USC § 3613(a)(1). There is no requirement under the FHAA to exhaust administrative remedies. 42 USC § 3613(a)(2).

21.     The FHAA prohibits discrimination against any person "in the provision of services or facilities in connection with [a] dwelling" on the basis of a handicap. 42 USC § 3604(f)(2).

22.     Discrimination is defined as a refusal "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 USC § 3604(f)(3)(B).

23.     Siegel has a handicap that affects one or more of her major life activities. See 42 USC § 3602(h); 24 CFR § 100.201.

24.     Defendants knew of Siegel's handicap.

25.     Accommodation of Siegel's handicap is necessary to afford Siegel an equal opportunity to use and enjoy the dwelling. Siegel's requested accommodation to keep the analog meter already serving her home is reasonable on its face.

26.     Allowing Siegel to keep her analog meter would not cause undue hardship on Defendants.

27.     Defendants refused to make the necessary accommodation.

## DEMAND FOR JURY TRIAL

28.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs respectfully demand a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.    A temporary restraining order, preliminary injunction, and permanent injunction against Defendants;

C.    A judgment of damages against Defendants;

D.    A judgment of punitive damages against Defendants;

E.    Attorney's fees and

F.    Such other and further relief that the Court deems just.

Respectfully submitted,

Dated:  May 14, 2024          By:    s/ *Stephen J. Joncus*
                                    Stephen J. Joncus, OSB No. 013072
                                    JONCUS LAW P.C.
                                    13203 SE 172nd Ave Ste 166 #344
                                    Happy Valley, Oregon 97086
                                    Telephone: (971) 236-1200
                                    Facsimile: (971) 244-7997
                                    steve@joncus.net

                                    *Attorney for Plaintiffs*

COMPLAINT                              6

## VERIFICATION

My name is Sabrina Siegel, and I declare as follows:

1.      I make this verification based on my personal knowledge and I am competent to testify to the matters stated herein.

2.      I verify under the penalty of perjury that the foregoing facts that pertain to me are true and correct.

Executed:  May 13, 2024

Sabrina Siegel

COMPLAINT      7